IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CR-187-FL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER OF DETENTION PENDING** |
| ) | **TRIAL** |
| JOHN ERVIN LINGLE, ) | |
| ) | |
| Defendant. ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the North Carolina State Bureau of Investigation. Defendant presented the testimony of two proposed third-party custodians, his mother, who is an attorney, and his father, who is a dentist. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the evidence and argument presented, and based on the findings and reasons stated in open court and below, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

### Background

Defendant was charged in an eleven-count indictment on 2 August 2016 with: receipt of child pornography beginning at a time unknown to on or about 15 March 2016 in violation of 18 U.S.C. § 2252(a)(2) (cts. 1-10); and possession of child pornography on or about 15 March 2016 in violation of 18 U.S.C. § 2252(a)(4)(B) (ct. 11). The evidence presented at the hearing showed that based on electronic forensic evidence law enforcement conducted a search of

defendant's residence on 15 March 2016. Forensic analysis showed that there were over 11,700 image files and over 900 video files containing child pornography on a computer and related media in the residence. The bulk of the child pornography depicted an adult male engaged in sexual activity with boys. The material had been downloaded as long ago as 2008 and as recently as March 2016. Defendant, presently age 31, lived alone.

Text messages that were recovered indicated that defendant at one point had a relationship with a minor male. The boy attended a high school within one mile of the proposed custodians' home. Interviews with the boy, his parents, and the father of one of the boy's friends showed that defendant had slept with the boy on five or six occasions, had provided the boy and the friend alcohol and marijuana, and had permitted the boy to drive a motor vehicle. The boy reported one instance of overt sexual contact by defendant. There is a public park within a mile of the proposed custodial home.

On the date of the search of defendant's residence, defendant's father came to the residence after defendant called him. The father asked police if they were there because there was a sign for Donald Trump in the yard. On cross examination, the father expressed concern that law enforcement had been listening in on conversations his son had in his residence as well as when he was in public. The father also intimated that he believed the police could possibly have planted the child pornography they recovered from defendant's residence.

### Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required

include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the nature of the offenses charged as involving minor victims; the circumstances of the offenses charged, including the volume of child pornography recovered, the length of the period over which defendant collected it, and his relationship with the minor male, which involved physical contact; the danger of continued offense conduct by defendant victimizing minors if released; the unsuitability of the proposed third-party custodial arrangement due to the extent of the risk of danger presented by defendant, the proximity of a high school (which was attended by the boy who defendant apparently victimized) and a park to the proposed custodial residence, and defendant's father's concern that the charges against defendant have been brought maliciously; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's lack of a criminal record, strong employment history, and medical and anxiety problems. It finds, however, that the factors favoring detention outweigh such evidence.

### Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This 17th day of August 2016.

_____
James E. Gates
United States Magistrate Judge